UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

QUANTAE T HINES,

                Petitioner,

    v.                                                   Case No. 22-cv-0854-bhl

STATE OF WISCONSIN,

                Respondent.

_____

**SCREENING ORDER**
_____

        On July 27, 2022, petitioner Quantae T. Hines, a pretrial detainee currently held at the Milwaukee County Jail, filed a petition for a writ of habeas corpus under 28 U.S.C. §2254. (ECF No. 1.) On the same day, Hines also filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.)

        Rule 4 of the Rules Governing §2254 Cases, requires the Court to screen Hines' petition. The rule provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing §2254 Cases. During its initial review of a habeas petition, the Court examines whether the petitioner has set forth cognizable constitutional or federal law claims and tries to confirm that those claims have been exhausted in state court.

        In this case, Hines is not "in custody pursuant to the judgment of a State court" as 28 U.S.C. §2254 requires. He represents that he has been charged with first-degree reckless homicide, first-degree reckless endangering safety, and illegal possession of a firearm, (ECF No. 1 at 2), but he has not been tried, convicted, or sentenced. (*Id.*) His petition asks the Court to "suppress evidence due to an illegal search and seizure" and "dismiss all charges" brought against him. (*Id.* at 12.) A

federal habeas action is not the proper vehicle for challenging the admissibility of evidence in a pending state criminal proceeding.  The issues Hines raises must first be presented in his state court criminal case.  Accordingly, Hines' petition must be dismissed.

**IT IS HEREBY ORDERED** that pursuant to Rule 4 of the Rules Governing §2254 Cases, the petition for writ of habeas corpus, ECF No. 1, is **DISMISSED**.  Petitioner's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, is **DENIED as moot**.  And because no reasonable jurists could debate that the petition should have been resolved differently, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the Court declines to issue a certificate of appealability.

Dated at Milwaukee, Wisconsin on August 10, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge